IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERSTER TECHNOLOGIES, LLC doing business as CHIP CONNECT, a California limited liability company,

      Plaintiff,

vs.

COY CHRISTMAS, an individual; JIM RONDING, an individual; BGRMODS, LLC, a Minnesota limited liability company; CALIBUR11, LLC, a Minnesota limited liability company; and EINSTEINMODZ, a Wisconsin limited liability company,

      Defendants.
_____/

No. CIV S-11-1541 KJM JFM

ORDER

      On July 11, 2011, the court issued an order conditionally granting defendants' *ex parte* application extending time to respond to plaintiff's first amended complaint. (ECF 16.) On July 13, 2011, defendants filed a motion to dismiss for lack of jurisdiction (ECF 17) and a new *ex parte* application asking the court to vacate its July 11, 2011 order (ECF 18). Plaintiff filed its opposition to the *ex parte* application on July 15, 2011. (ECF 19.) Defendants filed a reply later on July 15, 2011. (ECF 20.)

      Defendants' new *ex parte* application is not in compliance with the court's standing order, which directs the filer of such an application to meet and confer prior to filing

1

and to "include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the failure of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar . . . ."  Furthermore, though defendants contend the court lacked jurisdiction to issue its July 11, 2011 order, it would be premature for the court to vacate an order when it has not found jurisdiction lacking.  Without prejudging the outcome of defendants' motion to dismiss, the court's own review of the operative complaint does not lead it to conclude it should *sua sponte* decline to exercise jurisdiction at this stage of the litigation.  Defendants filed the earlier *ex parte* application leading the court to issue the July 11, 2011 order; that order will not now be vacated merely because defendants disagree with the conditions the court imposed.[1]

The court's July 11, 2011 order remains in effect.  Defendants' application (ECF 18) is DENIED.

IT IS SO ORDERED.

DATED: July 18, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in the court's July 11, 2011 order precludes any defendant's preserving appropriate objections in response to any discovery plaintiffs propound.