IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERSTER TECHNOLOGIES, LLC,

    Plaintiff,                      No. CIV 2:11-cv-1541-KJM-JFM

vs.

COY CHRISTMAS, *et al.*,

    Defendants.              ORDER

_____/

On September 29, 2011, the court held a hearing on plaintiff's September 6, 2011 motion for a finding of contempt, for award of sanctions, for order to compel discovery responses and for protective order. Also on calendar was defendants' September 2, 2011 motion for protective order. Rajiv Dharnidharka, Scott Pink and Ashley Joyce appeared for plaintiff. Paul Andre and Harold Storey appeared for defendants. Upon review of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT PROCEDURAL BACKGROUND[1]

This matter was filed on June 7, 2011 and is proceeding on a First Amended Complaint ("FAC") filed June 20, 2011. On July 13, 2011, defendants filed a motion to dismiss

---

[1] Because the facts of this case are familiar to all parties, the court will not repeat them here.

1

1  the FAC for lack of personal jurisdiction, failure to state a claim and improper venue.  In

2  response to defendants' motion for dismissal on grounds of lack of personal jurisdiction and

3  improper venue, plaintiff propounded discovery requests on defendants.  Thereafter, on July 26,

4  2011, plaintiff filed a motion for leave to conduct personal jurisdiction discovery.  On August

5  12, 2011, plaintiff's motion was granted.  On August 25, 2011, defendants submitted to the

6  personal jurisdiction and venue of this court.  The motion to dismiss for failure to state a claim

7  was argued on September 14, 2011 before the Honorable Kimberly J. Mueller.  That matter has

8  been submitted.  Doc. No. 65.

9        Meanwhile, on July 25, 2011 plaintiff filed a motion to compel responses to

10  injunction-related discovery requests.  On August 18, 2011, the undersigned granted the motion

11  and directed defendants to supplement their responses on or before August 29, 2011.

12        On September 2, 2011, defendants filed a motion for protective order, which they

13  scheduled to be heard on October 20, 2011.

14        On September 6, 2011, plaintiff filed a motion for a finding of contempt of this

15  court's August 18, 2011 order; an award of sanctions; an order compelling defendants to

16  supplement their supplemental responses to the injunction-related discovery requests; and,

17  finally, a motion for protective order.  The parties filed a joint discovery statement on September

18  22, 2011 with accompanying declarations by counsel.[2]

19        On September 23, 2011, six days before the scheduled September 29, 2011

20  hearing on plaintiff's motion, defendants filed an amended motion for protective order with a

21  /////

---

[2] The court notes that it did not receive a courtesy copy of Paul Andre's September 22, 2011 declaration and exhibits despite the clear directive of Local Rule 133(f).  Unfortunately, this failure to comply with a Local Rule is not an isolated incident.  The court is aware that both plaintiff and defendants have retained counsel with offices located in the Northern District of California.  Counsel assume the responsibility of familiarizing themselves with the Local Rules of the court in which they practice.  Notwithstanding, the undersigned finds it necessary to direct counsel to review the Local Rules of the Eastern District of California, particularly Local Rules 133, 141.1 and 251.

request to consolidate the October 20, 2011 hearing on their motion for protective order with plaintiff's motion hearing.

On September 14, 2011, plaintiff filed a motion for preliminary injunction and sanctions, which is scheduled to be heard before Judge Mueller on October 12, 2011.

## DISCUSSION

A.   Supplemental Responses to Discovery Requests

Central to the current discovery dispute is plaintiff's dissatisfaction with defendants' supplemental responses to plaintiff's injunction-related discovery requests. Specifically, plaintiff asserts defendants (1) improperly preserved their objections to the discovery requests; (2) failed to comply with Federal Rule of Civil Procedure 33(d) with respect to their interrogatory responses; (3) improperly changed the wording of Request for Admission ("RFA") 5; (4) failed to verify their interrogatory responses; and (5) did not submit responses from all defendants. Plaintiff seeks issues sanctions pursuant to Rule 37(b)(2)(A)(I) and (ii).

1.   Preservation of Objections

In their supplemental responses, defendants included the same objections that they submitted with their initial responses to the discovery requests and that were the basis of plaintiff's July 25, 2011 motion to compel. Plaintiff argues that defendants' preservation of those objections is contempt- and sanction-worthy because the undersigned overruled those objections in the August 18, 2011 order and because any appeal of that ruling was to be made to Judge Mueller within fourteen days. See Fed. R. Civ. P. 72(a); Local Rule 303; Judge Mueller's Standing Order § 1(A). Plaintiff further argues that, insofar as defendants sought to preserve their objections for appeal to the Ninth Circuit, they are unable to do so now because they did not in fact file a motion for reconsideration with Judge Mueller. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's [Rule 72(a)] nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.")

In their defense, defendants assert that their supplemental responses would have been the same with or without the objections.

It is difficult for the court to understand the conundrum. It is true that defendants preserved their objections. Defendants, however, also submitted supplemental responses to the discovery requests. Thus, the court does not find that defendants' preservation of objections renders them in contempt of the August 18, 2011 order.

2. <u>Interrogatory Responses</u>

a. <u>Federal Rule of Civil Procedure 33(d)</u>

Plaintiff also argues that defendants violated Federal Rule of Civil Procedure 33(d) by "dumping" 14,000 electronic files without labeling the files with Bates numbers or the like, thus rendering it difficult for plaintiff to locate answers to its discovery requests. Defendants counter that they are not in violation of Rule 33(d) because locating responsive documents is no more burdensome for any one party than the other, defendants offered to assist plaintiff in locating responsive files, and plaintiff's argument of difficulty is belied by the fact that plaintiff was able to search those same files to locate exactly how many were submitted from specific email addresses.

Generally, Rule 33(d) provides

> (d) If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

When the burden of deriving or ascertaining an answer to a discovery request is substantially the same for either party, the court has discretion to decide which party should do it. <u>See</u> <u>Baxter</u>

4

Healthcare Corp. v. Fresenius Med. Care Holding, Inc., 2008 WL 5272186, at *3 (N.D. Cal. Dec.15, 2008) ("... Rule 33(d) makes it entirely appropriate to shift the burden of that exercise to the requesting party when, as here, 'the burden of deriving or ascertaining the answer will be substantially the same for either party.'")

Consideration of the parties' positions convinces the court that Rule 33(d) was not violated. The files are in electronic format and, as proven by plaintiff's own conduct, relatively easily searchable and, thus, not unduly burdensome. Nonetheless, defendants will be ordered to separate their responses for each defendant regardless of potential duplication of files. Additionally, defendants will also be ordered to verify their responses.

        b.        <u>Interrogatory 4</u>

Plaintiff also argues that defendants' response to Interrogatory 4 is insufficient because defendants changed the wording of RFA 5, to which Interrogatory 4 referred. RFA 5, as propounded by plaintiff, reads: "Admit you are not the author of the software for Intensafire, MLG Game Vault, or Gears of War Game Vault." In their supplemental response, defendants admitted "that third parties, not involved in this case, authored the *current* software IntensaFIRE, MLG Game Vault and Gears of War Game Fault. [Defendants] further admit[] that Plaintiff did not author any software *currently* used in the IntensaFIRE, MLG Game Vault and Gears of War Game Fault." (Emphasis added.) Plaintiff argues that defendants modification of RFA 5 constitutes a failure to respond to RFA 5. Defendants do not respond to this argument.

Insofar as plaintiff requests a finding of contempt and an award of sanctions pursuant to Rule 37(b)(2)(A) based on defendants' response to Interrogatory 4 and, relatedly, RFA 5, the court declines to so find and award. The August 18, 2011 order merely overruled defendants' objections to plaintiff's injunction-related discovery and ordered supplemental responses. However, Rule 36(a)(3) does require that a party served with a request for admission either address the matter or object to the request within 30 days or the request for admission is deemed admitted. Defendants' attempt to rephrase the request did not meet the letter or the spirit

of the Rule. The court could properly deem the request for admission admitted. Instead, defendants will be given until October 17, 2011 to file proper responses to this request for admission and, thereby, Interrogatory 4.

### 3. Responsive Files From All Defendants

Next, plaintiff asserts that defendants failed to adequately respond to their discovery requests because the clear majority of the submitted documents are from Calibur11 and not the other three defendants. In support, plaintiff claims that it has reviewed the 14,000 files and found that only 7 are from Mr. Christmas's email address, only 19 from the "@bgrmods.com" email extension, and none sent from the @einsteinmodz.com" email extension. Further, defendants produced 7 emails sent to any "@einsteinmodz.com" email extension and only 4 sent to Mr. Christmas's Gmail account. The remaining documents are from Calibur11. Because defendants claim that they submitted responsive documents from all defendants, they will be ordered to submit a declaration outlining their efforts in locating responsive documents from all defendants.

### B. Contempt and Sanctions

Plaintiff seeks a finding of contempt and an award of sanctions for defendants' alleged violation of the court's August 18, 2011 order. Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may sanction a party for failure to comply with a court order. The sanctions contemplated in Rule 37 are not comprehensive, but allow a court to prohibit the disobedient party from supporting certain claims or introducing certain matters into evidence, to strike pleadings in whole or in part, find the violating party in contempt or to dismiss the action entirely. Fed. R. Civ. P. 37(b)(2)(A). Furthermore, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C). Under the circumstances of this case, the court does not find that either a finding of contempt or an award of sanctions is warranted.

/////

C.     Protective Order

The next point of contention between the parties is the entry of a protective order. Because the parties have not met and conferred on this issue, both motions for protective order will be denied without prejudice.

D.     Meet and Confer

Despite the brief tenure of this case, this is the fourth discovery dispute to come before this court.[3]  Plaintiff is dissatisfied with defendants' discovery conduct, which they describe as "purpose[ful] avoid[ance]."  Defendants, on the other hand, object to plaintiff's "aggressive and contentious litigation tactics."  It has become apparent to the court that the efforts at resolution of the discovery disputes in this case are hindered by counsel's failure to meaningfully attempt to resolve their differences.

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to secure the information or material without court action.  As noted by a sister court,

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections.  They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve their dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

Cotacom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 456, 459 (D. Kan. 1999).

Here, plaintiff's counsel asserts that he fulfilled the meet and confer requirement by exchanging emails with counsel for defendants and thereafter by participating in a "partial"

---

[3] Defendants' September 2, 2011 motion for entry of protective order, which was initially scheduled to be heard on October 20, 2011, was consolidated with the hearing on the instant motion per defendants' belated request. See Doc. No. 72.

7

1  meet and confer on September 13, 2011, which was cut short to allow defense counsel to tend to
2  an emergency. No further conferences were held.
3        As the Federal Rules of Civil Procedure and the Local Rules make clear, counsel
4  for the moving party shall make a good faith effort to confer prior to a discovery hearing and
5  shall be responsible for arranging the conference. <u>See</u> Fed. R. Civ. P. 37(a)(1); Local Rule
6  251(b). There is no explanation here as to why the parties were unable to schedule a second
7  conference before attending the September 29, 2011 hearing, which was held more than two
8  weeks after September 13, 2011. Furthermore, to the extent the parties attempted to resolve their
9  differences through email exchanges, it is evident that such attempts at resolution are futile. In
10 order to lessen the burden on this court due to the parties' failure to effectively communicate, it
11 is hereby ordered that henceforth the parties shall meet and confer either in person or
12 telephonically on all issues in dispute. Under no circumstances shall the parties use written
13 correspondence to substitute for the meet and confer requirement. The parties are reminded of
14 their obligation under the Federal Rules of Civil Procedure and the Local Rules to fulfill this
15 requirement in good faith before turning to the court for intervention.
16       Accordingly, IT IS HEREBY ORDERED that:
17     1. Plaintiff's September 6, 2011 motion to compel is partially granted:
18       A. Plaintiff's request for a finding of contempt is denied;
19       B. Plaintiff's motion for sanctions is denied;
20       C. Plaintiff's motion for protective order is denied without prejudice;
21       D. Plaintiff's motion to compel is partially granted. Defendants shall
22 supplement their responses to plaintiff's injunction-related discovery requests as hereby ordered
23 on or before October 17, 2011:
24         a. Defendants shall separate their interrogatory responses for
25           each defendant regardless of potential duplication of files.
26         b. Defendants shall verify their interrogatory responses.

      c. Defendants shall submit a declaration outlining their efforts in locating responsive documents from all defendants.

      d. Defendants shall file proper responses to Interrogatory 4 and RFA 5.

  2. Defendants' September 23, 2011 amended motion for protective order is denied without prejudice;

  3. The parties are directed to meet and confer on the issue of the protective order on or before October 11, 2011. Only if the parties are unable to resolve their differences at the in-person or telephonic conference, then they shall file a joint discovery statement in compliance with Local Rule 251.

DATED: October 3, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;bers1541.disc3